# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE JACOB'S SMOKEHOUSE DISTRIBUTION, LLC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5942-WBV-JVM** |
| **CHARLES MUNFORD, ET AL.** | **SECTION: "D" (1)** |

## ORDER AND REASONS

Before the Court is a Motion to Stay Discovery Pending Ruling on Motion to Dismiss, filed by defendant, Charles Munford.[1] Munford seeks a stay of all discovery in this case pursuant to 15 U.S.C. § 78u-4(b)(3)(B) until the Court rules on his pending Motion to Dismiss Under Rule 12(b)(6).[2] Plaintiffs, Wayne Jacobs Smokehouse Distributions, LLC, Jarred Zeringue and Matthew Moreland (collectively, "Plaintiffs"), oppose Munford's Motion to Stay Discovery.[3]

Also before the Court is a Motion to Stay Discovery Pending Ruling on 12(b)(6) Motion to Dismiss, filed by defendants, Forest Free Range, LLC d/b/a Charlie's Sausage and/or Two Run Farm, Louisiana FFR, LLC, Patterson Slaughter House, LLC, Springfield Slaughter House, LLC and Munford Consulting, LLC (collectively, the "Entity Defendants").[4] Like Munford, the Entity Defendants seek a stay of all discovery in this matter until the Court rules on their Rule 12(b)(6) Motion to

---

[1] R. Doc. 56.
[2] R. Doc. 21.
[3] R. Doc. 72.
[4] R. Doc. 70.

Dismiss,[5] pursuant to 15 U.S.C. § 78u-4(b)(3)(B). Plaintiffs oppose the Entity Defendants' Motion to Stay Discovery, asserting the same arguments raised in their opposition to Munford's Motion to Stay Discovery.[6]

After reviewing the briefs submitted by the parties and the applicable law, Munford's Motion to Stay Discovery is **GRANTED**. All discovery in this case is **STAYED** pending a ruling on Munford's Motion to Dismiss [7] and the Entity Defendants' Motion to Dismiss.[8] As such, the Entity Defendants' Motion to Stay Discovery is **DENIED as moot.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2018, Jarred Zeringue and Matthew Moreland, individually and on behalf of Wayne Jacob's Smokehouse Distribution, LLC (collectively, "Plaintiffs"), filed a Complaint in this Court, asserting a claim for violation of the Securities Exchange Act of 1934, 17 C.F.R.§§ 240.10b-5, *et seq*., and state law claims for breach of contract, unfair and deceptive trade practices, fraud, and unjust enrichment.[9] Named as defendants are Charles Munford ("Munford") and Forest Free Range, LLC d/b/a Charlie's Sausage and/or Two Run Farm, Louisiana FFR, LLC, Patterson Slaughter House, LLC, Springfield Slaughter House, LLC and Munford Consulting, LLC (collectively, the "Entity Defendants").[10] According to Plaintiffs, "This is a complex case arising out of the sudden collapse of what appeared to be a promising,

---

[5] R. Doc. 24.
[6] R. Doc. 79.
[7] R. Doc. 21.
[8] R. Doc. 24.
[9] R. Doc. 1.
[10] *Id*. at pp. 2-3.

and profitable, limited liability company in which the Plaintiffs were duped into investing."[11]

On August 8, 2018, Munford filed a Motion to Dismiss Under Rule 12(b)(6), seeking dismissal of all of Plaintiffs' claims, asserting that the Complaint fails to meet applicable pleading standards, asserts untimely claims and asserts claims that Plaintiffs lack standing to pursue.[12] Shortly thereafter, on August 15, 2018, the Entity Defendants filed a Rule 12(b)(6) Motion to Dismiss, asserting that, "Plaintiffs' Complaint is an example of several prohibited practices of pleading claims in federal court."[13] On October 17, 2018, Plaintiffs filed an Omnibus Opposition in response to the two motions to dismiss, asserting that the Complaint states plausible claims for relief.[14] Munford and the Entity Defendants filed separate Reply briefs in response to Plaintiffs' Omnibus Opposition,[15] and Plaintiffs filed one Sur-Reply brief in opposition to the two reply briefs.[16]

On July 25, 2019, the Court issued a Scheduling Order in this case, setting pretrial deadlines and a trial date in this case.[17] Shortly thereafter, on August 14, 2019, Munford filed the instant Motion to Stay Discovery Pending Ruling on Motion to Dismiss, seeking a stay of all discovery in this case until the Court rules on his Motion to Dismiss.[18] Munford asserts that Plaintiffs' claims for violations of the

---

[11] R. Doc. 72 at pp. 1-2; R. Doc. 79 at p. 2.
[12] R. Doc. 21-1.
[13] R. Doc. 24-1 at p. 1.
[14] R. Doc. 34.
[15] R. Docs. 39, 41.
[16] R. Doc. 47.
[17] R. Doc. 55.
[18] R. Doc. 56.

Securities Exchange Act of 1934, 17 C.F.R. §§ 240.10b-5, are subject to the automatic stay of discovery provided by 15 U.S.C. § 78u-4(b)(3)(B) of the Private Securities Litigation Reform Act ("PLSRA") while Munford's Motion to Dismiss remains pending.[19] Munford claims that Congress passed the PSLRA to curb the "abusive practices committed in private securities litigation,"[20] and that the PSLRA includes a stay of discovery, providing that, "In any private action arising under [the PSLRA], **all discovery and other proceedings shall be stayed** during the pendency of any motion to dismiss."[21] Munford argues that in passing this provision, Congress sought to prevent plaintiffs from conducting "fishing expeditions" for evidence, and that the legislative history indicates that, "Courts should stay all discovery pending a ruling on a motion to dismiss . . . except in the exceptional circumstance where particularized discovery is necessary to preserve evidence or prevent undue prejudice to a party."[22]

Munford further asserts that the automatic stay set forth in 15 U.S.C. § 78u-4(b)(3)(B) is triggered where there is (1) a private action; (2) which arises under Chapter 2B of the 1934 Securities Act; and (3) in which a motion to dismiss is pending.[23] Munford argues that all three requirements are met in this case, as Plaintiffs have alleged a private action under the PSLRA, and both Munford and the Entity Defendants have filed motions to dismiss that remain pending before the

---

[19] R. Doc. 56-2 at p. 2 (*citing* R. Doc. 21).
[20] *Id.* (*quoting* H.R. Rep. No. 104-369, at 41 (1995) (internal quotation marks omitted).
[21] R. Doc. 56-2 at p. 2 (*quoting* 15 U.S.C. § 78u-4(b)(3)(B)) (emphasis added by Munford) (internal quotation marks omitted).
[22] R. Doc. 56-2 at p. 2 (*quoting* Sen. Rep. No. 104-98, at 14 (1995)) (internal quotation marks omitted).
[23] R. Doc. 56-2 at p. 2 (quoting *Benbow v. Aspen Tech., Inc.*, Civ. A. No. 02-2881, 2003 WL 1873910, at *2 (E.D. La. Apr. 11, 2003)).

Court.²⁴ As such, Munford argues that the filing of his Motion to Dismiss on August 8, 2018, triggered the imposition of the automatic stay of discovery under 15 U.S.C. § 78u-4(b)(3)(B). However, Munford asserts that Plaintiffs subsequently propounded discovery requests on him on or about July 26, 2019, and that Plaintiffs propounded discovery requests on the Entity Defendants on or about July 29, 2019.²⁵ Munford contends that these discovery requests fall within the purview of 15 U.S.C. § 78u-4(b)(3)(B), and must be stayed until the Court rules on Munford's Motion to Dismiss. Munford further asserts that the automatic stay extends to all discovery in this case, including discovery related to Plaintiffs' state law claims.²⁶

Plaintiffs oppose the Motion, asserting that an indefinite stay of discovery will prejudice the parties' ability to meet virtually all of the Court's pretrial deadlines set forth in the Scheduling Order.²⁷ Plaintiffs contend that the Motion should be denied, otherwise the Court will face a series of motions to continue the pretrial deadlines, which could result in a trial continuance.²⁸ Plaintiffs further assert that at least one court has held that the automatic stay under the PSLRA does not extend to state law claims that are separate and distinct from the federal securities claims, even though they arose out of the same operative facts.²⁹ Plaintiffs argue that the same considerations that informed that decision are present in this case and support a denial of Munford's Motion to Stay Discovery. Specifically, Plaintiffs assert that their

---

²⁴ R. Doc. 56-2 at p. 2.
²⁵ R. Doc. 56-2 at p. 3.
²⁶ *Id.* (quoting *Benbow*, Civ. A. No. 02-2881, 2003 WL 1873910, at *2).
²⁷ R. Doc. 72 at p. 2 (*citing* R. Doc. 55).
²⁸ R. Doc. 72 at p. 2.
²⁹ *Id.* at pp. 2-3 (citing *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F.Supp.2d 162, 166 (S.D.N.Y. 2001)

state law claims for breach of contract, fraudulent misrepresentation, negligent misrepresentation, unjust enrichment and violation of the Louisiana Unfair Trade Practices Act are substantive claims that will be determined independently of the securities claim. Plaintiffs maintain that this is not a "fishing expedition" intended to discover new claims where none have previously been asserted, nor are their discovery requests intended to extort a settlement. Instead, Plaintiffs claim they are simply trying to learn where their money went by propounding standard trial preparation discovery requests. As such, Plaintiffs assert that they should be allowed to pursue discovery on their state law claims.

Plaintiffs further note that although this Court in *Benbow v. Aspen Tech., Inc.*, previously extended the PSLRA's automatic stay to related state law claims, the Court also continued trial twice in that case to mitigate any prejudice to the plaintiffs and to accommodate the stay of discovery.[30] Plaintiffs argue that granting a stay of discovery in this case without a similar extension of deadlines will unduly prejudice Plaintiffs by preventing them from meeting pretrial deadlines and preparing their case for trial.[31] Alternatively, if the Court finds that the automatic stay applies to their state law claims, Plaintiffs assert that the PSLRA authorizes the Court to order discovery where necessary to preserve evidence or to prevent undue prejudice to that party.[32] Plaintiffs assert that both scenarios favor allowing discovery in this case because the requested discovery will help Plaintiffs preserve evidence and documents

---

[30] R. Doc. 72 at p. 4 (citing *Benbow*, Civ. A. No. 02-2881, 2003 WL 1873910).
[31] R. Doc. 72 at p. 4.
[32] *Id*. at p. 5 (*quoting* 15 U.S.C. § 78u-4(b)(3)(B)).

from events that occurred several years ago, and because allowing pretrial deadlines to accrue without permitting discovery will prejudice Plaintiffs' ability to prove their case.[33] Thus, Plaintiffs argue Munford's Motion to Stay should be denied and that discovery should be allowed to proceed in accordance with the Court's Scheduling Order.

On August 29, 2019, the Entity Defendants also filed a Motion to Stay Discovery Pending Ruling on 12(b)(6) Motion to Dismiss.[34] The Entity Defendants' Motion to Stay Discovery is identical to Munford's Motion to Stay Discovery, and even adopts and incorporates the arguments asserted in Munford's Motion to Stay Discovery.[35] Specifically, the Entity Defendants argue that all discovery in this case should be stayed pursuant to 15 U.S.C. § 78u-4(b)(3)(B) pending the Court's resolution of the Entity Defendants' Motion to Dismiss.[36] On September 16, 2019, Plaintiffs filed an opposition to the Entity Defendants' Motion to Stay, which is identical to Plaintiffs' opposition brief to Munford's Motion to Stay.[37]

**II. LAW AND ANALYSIS**

The sole issue before the Court is whether all discovery in this case must be stayed under the Private Securities Litigation Reform Act ("PSLRA") due to the two pending motions to dismiss filed by Munford and the Entity Defendants.[38] The

---

[33] R. Doc. 72 at p. 5.
[34] R. Doc. 70.
[35] R. Doc. 70-1 at p. 3, n.2.
[36] R. Doc. 70-1 at p. 1 (*citing* R. Doc. 24).
[37] R. Doc. 79; *See* R. Doc. 72.
[38] R. Docs. 21 & 24.

pertinent section of the PSLRA provides that:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.[39]

In *Benbow v. Aspen Technology, Inc.*, this Court held that the automatic stay set forth in 15 U.S.C. § 78u-4(b)(3)(B) "is clearly triggered in the circumstances, where there is (1) a private action, (2) which arises under Chapter 2B of the 1934 Securities Act, and (3) in which a motion to dismiss is pending."[40] The Court agrees with Munford and the Entity Defendants that all three requirements of the statute are met in this case. Plaintiffs have clearly alleged a cause of action for "violation of the Securities Exchange Act of 1934, 17 C.F.R. §§ 240.10b-5, *et seq.*" in their Complaint,[41] and there are two motions to dismiss pending before the Court.[42] Accordingly, the Court finds that the filing of Munford's Motion to Dismiss on August 8, 2018, triggered the imposition of the automatic stay of discovery under 15 U.S.C. § 78u-4(b)(3)(B).

The Court further finds that the automatic stay set forth in 15 U.S.C. § 78u-4(b)(3)(B) applies to all discovery in this case, including discovery regarding Plaintiffs' state law claims. In *Benbow*, this Court specifically addressed whether the automatic stay in 15 U.S.C. § 78u-4(b)(3)(B) applies to discovery regarding a plaintiff's state law claims, and ultimately concluded that it does.[43] The Court reasoned that 15 U.S.C. §

---

[39] 15 U.S.C. § 78u-4(b)(3)(B).
[40] *Benbow v. Aspen Tech., Inc.*, Civ. A. No. 02-2881, 2003 WL 1873910, at *2 (E.D. La. Apr. 11, 2003).
[41] R. Doc. 1 at ¶¶ 1, 65-82.
[42] R. Docs. 21 & 24.
[43] *Benbow*, Civ. A. No. 02-2881, 2003 WL 1873910, at *2.

78u-4(b)(3)(B) "contemplates a stay of *all* discovery and *other proceedings* in federal court during the pendency of a motion to dismiss."[44] Although Plaintiffs claim that they would be prejudiced by a stay of discovery, like in *Benbow*, this Court "is not persuaded by the argument that the automatic stay operates unfairly in this instance because it effectively penalizes the plaintiffs for alleging a federal securities law claim in conjunction with their state law claims."[45] As this Court explained in *Benbow*, "It is true that had plaintiffs chosen to forego filing a federal securities law claim and to proceed solely with their state law claims, the PSLRA, by its own terms, would not apply and there would be no automatic stay of discovery in this case."[46] The Court agrees with our prior observation in *Benbow* that, "[P]laintiffs chose to invoke the Act and claim a violation of federal securities laws, and therefore, plaintiffs necessarily subject themselves to the dictates of the PSLRA."[47]

Additionally, although not addressed by Plaintiffs, this Court in *Benbow* specifically found *Tobias Holdings, Inc. v. Bank United Corp.* unpersuasive.[48] In *Benbow,* this Court reasoned that, "Assuming *arguendo* that the rational underpinning the holding of the *Tobias Holdings* case stands on firm ground, the decision does not support plaintiffs' argument under the circumstances of this particular case."[49] The Court further explained that, "*Tobias Holdings* stands for the proposition that § 78u-4(b)(3)(B)'s stay provision does not apply to *distinct* state law

---

[44] *Id.*, Civ. A. No. 02-2881, 2003 WL 1873910, at *3.
[45] *Id.*
[46] *Id.*
[47] *Id.*
[48] *Id.*, Civ. A. No. 02-2881, 2003 WL 1873910, at *5 (citing *Tobias Holdings, Inc.*, 177 F. Supp. 2d 162 (S.D.N.Y. 2001)).
[49] *Benbow*, Civ. A. No. 02-2881, 2003 WL 1873910, at *5.

claims with their own jurisdictional basis (diversity jurisdiction)."[50] The Court also explained that, "It is apparent that, in large part, the court's decision turned upon the fact that the plaintiff's state law claims were distinct from and not merely state analogs to the plaintiff's alleged federal securities violations."[51] Like in *Benbow*, the Court finds that *Tobias Holdings* is not applicable in this case, as Plaintiffs' state law claims are not distinct claims with their own jurisdictional basis, and are merely state analogs to Plaintiffs' claim for federal securities violations.

The Court further finds that Plaintiffs have failed to demonstrate that the outstanding discovery propounded is anything other than general discovery applicable to all of their claims against Munford and the Entity Defendants, rather than particularized discovery purposefully aimed at eliminating a problem in proof created by the automatic stay.[52] Plaintiffs have also failed to articulate any prejudice, aside from that which is inherent in the fact that the PSLRA imposes a stay in this case (*i.e.*, simple delay of pretrial deadlines and trial).[53] The Court is not persuaded by Plaintiffs' argument that preservation of evidence warrants a denial of the request for a stay. Counsel is well aware of their obligation to preserve evidence under the Federal Rules of Civil Procedure. In the absence of exceptional circumstances, Plaintiffs have failed to demonstrate that they will suffer any undue prejudice from a stay of discovery in this case. Accordingly, the Court finds that the automatic stay

---

[50] *Id.* (citing *Tobias Holdings, Inc.*, 177 F. Supp. 2d at 166-67).
[51] *Benbow*, Civ. A. No. 02-2881, 2003 WL 1873910, at *5.
[52] *Id.*
[53] *Id.*

set forth in 15 U.S.C. § 78u-4(b)(3)(B) applies to all discovery in this matter, including discovery as to Plaintiffs' state law claims.

### III. CONCLUSION

Based on the foregoing analysis, **IT IS HEREBY ORDERED** that the Motion to Stay Discovery Pending Ruling on Motion to Dismiss[54] is **GRANTED,** and all discovery in this case is **STAYED** pending a ruling on Defendant Charles Munford's Motion to Dismiss Under Rule 12(b)(6)[55] and the Entity Defendants' Rule 12(b)(6) Motion to Dismiss.[56] Accordingly, the Motion to Stay Discovery Pending Ruling on 12(b)(6) Motion to Dismiss[57] is **DENIED as moot.**

New Orleans, Louisiana, February 6, 2020.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[54] R. Doc. 56.
[55] R. Doc. 21.
[56] R. Doc. 24.
[57] R. Doc. 70.